John Clair Lantzy, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Submitted on briefs, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*John Clair Lantzy,* petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, and *Gerald Gornish*, Attorney General for respondent.

Opinion by Judge Craig, November 9, 1979:

This case was previously before us on the parties' cross-motions for judgment on the pleadings. Now that the Board has filed an affidavit of clarification in compliance with our order (No. 82 Misc. Dkt. No. 2, Opinion filed: July 24, 1979), the merits of the parties, cross-motions are now properly before us.

Petitioner John Lantzy alleges that the Board owes him credit for time spent in the Indiana County Jail, from October, 1975 to early March, 1976, against his present multiple sentences for convictions on separate offenses in other counties.

We ordered clarification by affidavit because petitioner's Board record indicated that he had been credited with 130 days against his September 19, 1976 Indiana County sentence, but the record did not indicate the source of the credit: whether that was for the 130 days which petitioner seeks to have credited against his sentences in other counties.

The Board's affidavit indicates that the 130-day credit on petitioner's September, 1976 Indiana County sentence reflected the time petitioner spent from the date of arrest on April 22, 1976, to the date of his sentencing, September 2, 1976 on the charge leading to that conviction. Therefore, the 130-day period from October, 1975 to March, 1976 has not been credited.

However, because all of the acts for which petitioner is now serving his multiple concurrent sentences occurred after his arrest on October 23, 1975, the rule of *Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa. Superior Ct. 443, 217 A.2d 772 (1966) applies; the period of imprisonment in one county cannot be credited against charges pending in other counties or states.

268

Petitioner is not entitled to receive credit for time spent in the Indiana County jail against his present multiple sentences arising from convictions on acts occurring after October, 1975.

ORDER

AND Now, this 9th day of November, 1979, the Pennsylvania Board of Probation and Parole's motion for judgment on the pleadings is granted, and the motion of John Lantzy for judgment on the pleadings is denied.