IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond J. Smolsky,             :
         Petitioner       :
                       :
      v.                 :    No. 254 M.D. 2018
                       :    SUBMITTED:  December 7, 2018
Tyree C. Blocker, Commissioner  :
of The Pennsylvania State Police  :
of the Commonwealth of Pennsylvania,  :
         Respondent    :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED:  May 20, 2019

Raymond J. Smolsky has filed with this Court a *pro se* Application for Summary Relief, seeking a declaration that he is not required to register as a sex offender with the Pennsylvania State Police under the Act of February 21, 2018, P.L. 27, No. 10, 42 Pa. C.S. §§ 9799.10-9799.75 (commonly known as Act 10),[1] and that Act 10 is

---

[1] The Sexual Offender Registration and Notification Act (SORNA), 42 Pa. C.S. §§ 9799.10-9799.41, became effective on December 20, 2012.  In February 2018, the General Assembly enacted Act 10, amending certain provisions of SORNA and adding new sections, 42 Pa. C.S. §§ 9799.42 and 9799.51-9799.75, which became effective immediately.

Specifically, in Subchapter H, the General Assembly modified the registration requirements for individuals who committed offenses on or after SORNA's effective date of December 20, 2012.  *See* 42 Pa. C.S. § 9799.11.  Also, in Subchapter I, the General Assembly created new registration requirements for individuals who committed offenses between April 22, 1996 and December 20, 2012, as well as for sex offenders who were required to register under a pre-SORNA statute between

unconstitutional as applied to him under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2016).[2] On March 7, 2019, we directed both parties to file supplemental briefs with this Court, limited to the issue of whether Mr. Smolsky is required to register as a sex offender with the Pennsylvania State Police under the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa. C.S. §§ 9799.10-9799.75 (commonly known as Act 29). *See Smolsky v. Blocker* (Pa. Cmwlth., No. 254 M.D. 2018, filed March 7, 2019).

We have now received the parties' supplemental briefs. For the reasons that follow, we grant Mr. Smolsky's Application for Summary Relief.

## Background

On March 19, 2018, the Pennsylvania State Police sent Mr. Smolsky a letter advising him that he "may be" subject to Act 10's sex offender registration requirements and that he must comply with such requirements by May 22, 2018. Pet. for Review, 4/12/18, ¶¶ 8-9 & Ex. A.

On April 12, 2018, Mr. Smolsky filed a *pro se* Petition for Review in this Court's original jurisdiction, seeking relief from Act 10's sex offender registration requirements. In his Petition for Review, Mr. Smolsky avers that in October 1989, he was convicted of rape, involuntary deviate sexual intercourse, and corruption of a minor for offenses he committed in 1987. *Id.*, ¶ 8. He further avers that in April 1991, he was sentenced to 22½ to 45 years in prison for those convictions. *Id.* Mr. Smolsky asserts that applying Act 10 to his 1989 convictions is unconstitutional under *Muniz*.

---

April 22, 1996 and December 20, 2012 and whose registration periods had not yet expired. *See* 42 Pa. C.S. § 9799.52.

[2] The *Muniz* Court held that retroactive application of SORNA's registration provisions violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. 164 A.3d at 1223-25.

On August 13, 2018, Mr. Smolsky filed a *pro se* Motion for Judgment on the Pleadings, which this Court treated as an Application for Summary Relief under Pennsylvania Rule of Appellate Procedure 1532(b).[3]  In his *pro se* Application for Summary Relief and supporting brief, Mr. Smolsky alleges that Act 10 cannot lawfully be applied to him because he was convicted in 1989, prior to SORNA or any other law requiring sex offender registration.  Appl. for Summ. Relief, 8/13/18, at 1-2; Br. in Support of Appl. for Summ. Relief, 9/19/18, at 2.  In response, Tyree C. Blocker, Commissioner of the Pennsylvania State Police, argues that:  (1) *Muniz*'s holding does not apply to Act 10 because Act 10 was enacted after, and in response to, *Muniz*; and (2) Act 10 does not violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions.  Resp. to Appl. for Summ. Relief, 8/16/18, at 1-7.

On March 7, 2019, this Court issued a memorandum decision directing the parties to submit supplemental briefs to this Court.  In our decision, we explained that both Mr. Smolsky's Petition for Review and his Application for Summary Relief challenge his registration obligation under Act 10, which was the version of the statute in effect at the time he filed his Petition for Review.  However, on June 12, 2018, before Mr. Smolsky filed his Application for Summary Relief, the General Assembly reenacted and amended some provisions of Act 10 in Act 29, which became effective immediately.  We further explained that because Act 29 replaced Act 10, Act 29 is now the only statute under which Mr. Smolsky could be compelled to register as a sex offender.  Consequently, we ordered the parties to brief the issue of whether the provisions of Act 29 apply to Mr. Smolsky.

In his supplemental brief, Mr. Smolsky asserts that he is not required to register as a sex offender under Act 29 because Act 29, like Act 10, is an *ex post facto* law

---

[3] Pennsylvania Rule of Appellate Procedure 1532(b) states:  "At any time after the filing of a petition for review in an appellate or original jurisdiction matter[,] the court may on application enter judgment if the right of the applicant thereto is clear."  Pa. R.A.P. 1532(b).

3

under *Muniz*. Mr. Smolsky's Suppl. Br. at 1-3. Mr. Blocker, on the other hand, asserts that *Muniz* did not declare Act 29 unconstitutional and that, contrary to this Court's statements in its memorandum decision, the dates of Mr. Smolsky's convictions and release on parole are immaterial to the issue of whether Act 29 is constitutional. Mr. Blocker's Resp. to Suppl. Br. at 1-2.[4]

### Analysis

Under Pennsylvania Rule of Appellate Procedure 1532(b), this Court may grant an application for summary relief "if a party's right to judgment is clear and no material issues of fact are in dispute." *Calloway v. Pa. Bd. of Prob. & Parole*, 857 A.2d 218, 220 n.3 (Pa. Cmwlth. 2004); Pa. R.A.P. 1532(b). In ruling on an application for summary relief, we must view the evidence in the light most favorable to the non-moving party and may grant relief only if there are no genuine issues of material fact and the right to judgment is clear as a matter of law. *Cent. Dauphin Sch. Dist. v. Dep't of Educ.*, 598 A.2d 1364, 1366-67 (Pa. Cmwlth. 1991).

Mr. Smolsky avers that he was convicted of rape, involuntary deviate sexual intercourse, and corruption of a minor in October 1989 for offenses he committed in 1987 and that he was sentenced in April 1991 to 22½ to 45 years in prison. Pet. for Review, ¶ 8. He also avers that he was released on parole in April 2017. Br. in Support of Appl. for Summ. Relief, 9/19/18, at 4-5; Appl. for Leave to Proceed In Forma Pauperis, 4/12/18, at 2. Significantly, in his supplemental brief, Mr. Blocker does not dispute the dates of Mr. Smolsky's underlying convictions or the date of his release on

---

[4] Although they filed their supplemental briefs in a timely fashion, we must note that Mr. Smolsky and Mr. Blocker failed to adequately address the question posed by this Court or to provide any meaningful legal analysis to assist this Court in deciding whether the provisions of Act 29 apply to Mr. Smolsky. However, because we have given the parties an opportunity to address the Act 29 issue, notwithstanding their failure to do so, we are prepared to rule on Mr. Smolsky's Application for Summary Relief.

parole. *See* Mr. Blocker's Resp. to Suppl. Br. at 1 ("It is of no moment that [Mr. Smolsky] was convicted in 1989 and paroled in 2017[] . . . .").

Subchapter H of Act 29, titled "Registration of Sex Offenders," states in Section 9799.11(c) that its provisions "shall apply to individuals *who committed a sexually violent offense on or after December 20, 2012*, for which the individual was convicted." 42 Pa. C.S. § 9799.11(c) (emphasis added). Subchapter I of Act 29, titled "Continued Registration of Sex Offenders," states in Section 9799.52 that its provisions shall apply to individuals

> (1) *convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012*, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or

> (2) *required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012*, whose period of registration has not expired.

42 Pa. C.S. § 9799.52 (emphasis added); *see also* 42 Pa. C.S. § 9799.55 (setting forth the registration requirements for various categories of sex offenders). Thus, the relevant dates for determining whether an individual is required to register are: (1) the date of his underlying offense; and (2) the date he was first required to register under a prior version of SORNA.

We conclude that Act 29, by its plain terms, does not apply to Mr. Smolsky. First, he was not convicted of a sexually violent offense committed "on or after December 20, 2012," nor was he "convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012." 42 Pa. C.S. §§ 9799.11(c), 9799.52(1). Rather, it is undisputed that Mr. Smolsky was convicted in 1989 for offenses he committed in 1987.

Second, Mr. Smolsky was not "required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012." 42 Pa. C.S. § 9799.52(2). A convicted sex offender's registration obligation does not begin until he or she is released from incarceration. *See* 42 Pa. C.S. § 9799.15(b)(1)(i)(A) and (B) (stating that a sex offender's period of registration "shall commence upon . . . release from incarceration in a State or county correctional facility" or upon "parole or a sentence of probation"). It is undisputed that Mr. Smolsky was released on parole in April 2017. Thus, even if Mr. Smolsky had been required to register under a prior version of SORNA, he would not have been required to register between April 22, 1996 and December 20, 2012 because he was still incarcerated during that period, as Mr. Blocker plainly acknowledges. *See* Mr. Blocker's Resp. to Suppl. Br. at 1 (stating that Mr. Smolsky's "obligation to register did not commence until his release on parole").

We recognize that the basis for Mr. Smolsky's Application for Summary Relief is his assertion that Act 10 (now Act 29) is unconstitutional as applied to him under *Muniz*.[5] However, we need not reach that question because we conclude that, by its own terms, the statute is inapplicable to Mr. Smolsky, based on the date of his underlying offenses and the date of his release on parole. *Accord Gregory v. Pa. State Police*, 185 A.3d 1202, 1205-06 & n.6 (Pa. Cmwlth. 2018) (granting a petitioner's application for relief from SORNA's registration requirements and noting that "[b]ecause [the] [p]etitioner committed his offenses in 1982 and was convicted in 1983, it would appear that Act 10 does not apply to [him]").

---

[5] We note that the Pennsylvania Supreme Court recently granted review, in its original jurisdiction, to consider the constitutionality of Act 10 and Act 29 in *Commonwealth v. Lacombe*, 35 MAP 2018 (Pa. 2018).

6

## **Conclusion**

We conclude that the record establishes that Mr. Smolsky is entitled to relief from the registration requirements of Act 29 as a matter of law. Accordingly, we grant Mr. Smolsky's Application for Summary Relief.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond J. Smolsky,                          :
                    Petitioner               :
                                             :
                                             :
        v.                                   :    No. 254 M.D. 2018
                                             :
Tyree C. Blocker, Commissioner               :
of The Pennsylvania State Police             :
of the Commonwealth of Pennsylvania,         :
                    Respondent               :

# **O R D E R**

AND NOW, this 20th day of May, 2019, we hereby GRANT the Application for Summary Relief filed by Raymond J. Smolsky. Mr. Smolsky is not required to register as a sex offender with the Pennsylvania State Police under the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa. C.S. §§ 9799.10-9799.75 (commonly known as Act 29).


_____
ELLEN CEISLER, Judge