IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph LoDuca,                          :
                                        :
                            Petitioner  :
                                        :
              v.                        : No. 288 M.D. 2023
                                        : Submitted:  June 4, 2024
Pa. D.O.C. & Probation and Parole,      :
                                        :
                           Respondents  :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:  July 17, 2024


          Joseph LoDuca, proceeding *pro se*, (Inmate) filed a petition for review
(PFR) in our original jurisdiction in the nature of mandamus, alleging that the
Pennsylvania Department of Corrections (Department) and the Pennsylvania Parole
Board (Board)[1] illegally modified his sentence and denied him release on parole

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole
Board before this action commenced on June 16, 2023.  *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101,
6111(a).  Although Inmate used "Probation and Parole" in the caption of his PFR, we refer to the
Pennsylvania Parole Board using its full and correct name.

through the Recidivism Risk Reduction Incentive (RRRI) program.[2] The Department and the Board filed preliminary objections in the nature of a demurrer (POs) seeking to dismiss the PFR for failure to state a claim. After careful review, we sustain the Department's and Board's POs and dismiss the PFR for failure to state a valid mandamus claim.

Inmate, who is currently incarcerated at the State Correctional Institution at Camp Hill (SCI-Camp Hill), filed a PFR on June 16, 2023, averring that the Department and Board illegally modified his criminal sentence by removing RRRI from his "sentencing structure." PFR at (unnumbered) 3. Relevant here, Inmate pled guilty to one count of possession with intent to deliver[3] and was sentenced to a term of one to two years' imprisonment by the Dauphin County Court of Common Pleas (trial court), as indicated in the sentencing order (sentencing order) dated July 9, 2021, and attached to his PFR. The trial court further noted in its sentencing order that "[t]he Commonwealth waives the defendant's [Inmate's] ineligibility; therefore, he is RRRI eligible at nine months." *Id.* at 7. Inmate avers that, sometime after the date of the trial court's sentencing order, "whether through ignorance or design[,] the 'RRRI' was removed from [Inmate's] sentencing structure" and that, as a result, he "lost liberty on parole." *Id.* at 3-4. Inmate objects to the Department's and Board's reliance on stipulations made in a "previous,

---

[2] "The RRRI statute offers, as an incentive for completion of the program, the opportunity for prisoners to be considered for parole at the expiration of their RRRI minimum sentence." *Commonwealth v. Robinson*, 7 A.3d 868, 872 (Pa. Super. 2010). "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[3] Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30).

unrelated case" in the Court of Common Pleas of the 17th Judicial District, Snyder County branch (Snyder County), in which Inmate pled "no contest" to a "non-violent offense," to require him to attend certain programs while incarcerated. *Id.* at 4. Inmate further avers that he sought habeas corpus relief from the trial court regarding his RRRI eligibility, and that the trial court denied the relief in an order dated June 6, 2023, attached to the PFR. *Id.* at 4, 8. The trial court concluded it was "without jurisdiction or authority to do so," and advised that Inmate's "recourse is to file an original action in the Pennsylvania Commonwealth Court." *Id.* at 8. Inmate disagrees with the trial court's conclusion that it lacked jurisdiction over his claim, and asks this Court to "enter appropriate, equitable orders in its original jurisdiction and/or remand to the [trial court] with further instructions." *Id.* at 9.

The Board considered and denied Inmate's application for parole in a decision dated February 24, 2022. Department's POs, Exhibit B. The Board provided the following reasons for denying Inmate's parole: Inmate's "unacceptable compliance with prescribed institutional programs"; his "risk and needs assessment" indicating his "level of risk to the community"; "the negative recommendation made by the Department []"; the "reports, evaluations and assessments/level of risk" indicating his "risk to the community"; and his "failure to demonstrate motivation for success." *Id.* The Board stated it would review Inmate's file and consider at his next interview whether he successfully participated in and successfully completed a "treatment program for substance abuse, batterer's intervention[,] and violence prevention," whether he received a favorable recommendation for parole from the Department, and whether he has maintained a clear conduct record. *Id.*

The Department acknowledged Inmate's RRRI minimum expiry date as June 11, 2022, in a sentence summary form dated August 12, 2021. Department's

3

POs, Exhibit A. However, the Department decertified Inmate as RRRI-eligible, documented in a report dated October 18, 2022, for "program non-compliance." Department's POs, Exhibit C. In that report, the Department indicated that Inmate completed a "therapeutic community" program, failed to complete programs entitled "batterer's group, violence prevention moderate intensity, and therapeutic community," and refused programs entitled "batterer's group" and "violence prevention moderate intensity." *Id.* The Department also attached to its POs an updated sentence summary form dated January 24, 2023, created to add Inmate's sentence for his Snyder County conviction for "terroristic threats" dated September 11, 2020. Department's POs, Exhibit D. Inmate filed a notice dated August 28, 2023, with our Court, in the nature of an application to strike, in which he sought to strike Exhibit D from the Department's POs because he objected to the notation that he was "resentenced for terroristic threats." Petitioner's Application to Strike at (unnumbered) 1.

In response to the PFR, the Department filed POs, arguing that Inmate lacks a clear right to relief to compel the Department to certify him for the RRRI program and to release him on parole, and denying that it illegally modified his criminal sentence. The Department argues that it fully acknowledged Inmate's RRRI eligibility pursuant to the trial court's sentencing order, but it decertified him for the RRRI program for failure to meet the additional criteria required by Section 4506(a)(1-10) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §4506(a)(1-10). The Department further argues that it had no duty to certify Inmate's RRRI eligibility under the requirements of Section 4506 of the Parole Code when Inmate was offered and refused RRRI programming. The Department further argues that Inmate's claims regarding his RRRI eligibility are moot, because his RRRI

4

minimum and parole minimum dates have passed, and he was already considered for and denied parole on February 24, 2022, in the months leading up to his RRRI minimum expiry date of June 11, 2022, where Inmate's parole was denied for several reasons including failure to complete Department programming. The Board also filed POs, in which it adopts the Department's POs to the extent Inmate is challenging the application of the RRRI program to his case. The Board further objects to the PFR because Inmate cannot challenge the trial court's June 6, 2023 denial of his request for habeas corpus by attempting to revive lapsed appeal rights through a mandamus action in our Court's original jurisdiction.[4]

Inmate responded to the Department's and Board's POs by filing three separate letters, which we consider together as his response to the POs. In the letter filed August 7, 2023, Inmate repeats the arguments in his PFR, and also objects to the program requirements included in the Department's POs. Relevant here, Inmate argues that the programs required by the Department "violate the nature of a *nolo contendere* [sic] plea"[5] to the Snyder County charges "because participation in the

---

[4] The Board also objected to the PFR's lack of verification as required by Pa.R.Civ.P. 1028(a)(2), but Inmate later filed a separate verification. *See* Inmate's Letter filed August 11, 2023. The Board waived this issue for failing to present argument on this issue in its brief to this Court. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (holding that the failure to develop issue in appellate brief results in waiver); *Browne v. Department of Transportation*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver.").

[5] A plea of *nolo contendere* is effectively the equivalent of a plea of guilty. The only difference is that a defendant cannot plead *nolo contendere* without leave of court, and the plea may not be used against the defendant as an admission of guilt in a subsequent civil suit. *Tillman v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 575 M.D. 2011, filed December 2, 2014), slip op. at 1 n.1. *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential **(Footnote continued on next page…)**

mentioned [p]rograms require admitting an illegal act was committed." Inmate's Letter filed August 7, 2023 at (unnumbered) 3. Importantly, Inmate "concedes to his non-compliance with [p]rograms. For the reasons stated above regarding the legality surrounding a *nolo contendere* plea [sic]. The requirements to complete said [p]rograms (violence prevention, batter[er]s[′] group) are to take personal responsibility, contradict the plea agreement." *Id.* In the letter filed August 11, 2023, Inmate provided his verification to the PFR and objected to the Board's argument regarding lapsed appeal rights. Inmate's Letter filed August 11, 2023 at (unnumbered) 1. In the letter filed October 2, 2023, Inmate objected to what he believed was missing from the Department's and Board's POs, objected to the Department's assertion of mootness, and reiterated his earlier objections. Inmate's Letter filed October 2, 2023 at (unnumbered) 1-3.

The following legal framework will assist in our analysis. Pennsylvania is a fact-pleading jurisdiction. Therefore, a pleading must not only apprise the opposing party of the asserted claim, "it must also formulate the issues by summarizing those facts essential to support the claim." *Richardson v. Wetzel*, 74 A.3d 353, 356–57 (Pa. Cmwlth. 2013) (quoting *Sevin v. Kelshaw*, 611 A.2d 1232, 1235 (Pa. Super. 1992)). In addition:

> The common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. *McGill v. Pennsylvania Department of Health, Office of Drug [and] Alcohol Programs*, 758 A.2d 268, 270 (Pa. Cmwlth. 2000). "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996). Mandamus requires "[1] a clear legal right in the [petitioner], [2] a corresponding duty in the [respondent], and

decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

6

[3] a lack of any other adequate and appropriate remedy at law." *Crozer Chester Medical Center v. [Department of Labor and Industry,] Bureau of Workers' Compensation, Health Care Services Review Division*, 22 A.3d 189, 193 (Pa. 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established. *Sinkiewicz v. Susquehanna County Board of Commissioners*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). "Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). Further, "[i]n the context of a discretionary act, a court can issue such a writ to mandate the exercise of its discretion in some fashion, but not to require that it be exercised in a particular manner." *Sever v. Department of Environmental Resources*, 514 A.2d 656, 660 (Pa. Cmwlth. 1986) (quoting *U.S. Steel Corp. v. Padadakos*, 437 A.2d 1044, 1046 (Pa. Cmwlth. 1981)).

*Stodghill v. Pennsylvania Department of Corrections*, 150 A.3d 547, 552 (Pa. Cmwlth. 2015), *aff'd*, 177 A.3d 182 (Pa. 2018).

Pa.R.Civ.P. 1028(a)(4) permits preliminary objections to be filed for "legal insufficiency of a pleading (demurrer)." When ruling on preliminary objections, this Court shall sustain such objections and dismiss the petition for review only in cases that are clear and free from doubt that the law will not permit recovery. In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded allegations in the petition for review and all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. A demurrer will not be sustained unless the face of the petition for review shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992) (internal citations omitted). "[D]ocuments attached as exhibits, documents

7

referenced in the [petition for review], as well as facts already of record may also be considered." *Fraternal Order of Police Lodge No. 5, by McNesby v. City of Philadelphia*, 267 A.3d 531, 542 (Pa. Cmwlth. 2021).

As to its demurrer, the Department argues that Inmate failed to state a valid mandamus claim because he lacks a clear right to relief for parole through the RRRI program. The Department argues it must faithfully implement sentences imposed by the trial court and lacks the authority to add or delete sentencing conditions, citing in support *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127 (Pa. 2005). The Department argues that the trial court, through its sentencing order, declared Inmate eligible for the RRRI program, but the Department must also certify Inmate's RRRI eligibility according to the additional statutory criteria in Section 4506 of the Parole Code, which requires the Department to conduct an appropriate assessment of Inmate's treatment needs, to develop a program plan based on its assessment, to certify that Inmate successfully completed the program plan, and to certify that Inmate continues to be an RRRI-eligible offender. The Department cites in support Section 4506(a)(1-4)(9) of the Parole Code and *Homa v. Pennsylvania Board of Probation and Parole*, 192 A.3d 329 (Pa. Cmwlth. 2018). The Department argues that it decertified Inmate for RRRI eligibility based on his admitted failure to complete required programming, as required by Section 4506 of the Parole Code, and that Inmate provided no evidence or authority to compel his continued RRRI eligibility when he admittedly did not complete several required programs. The Department further argues that Inmate failed to provide evidence or authority of the Department's duty to continue his RRRI eligibility when he failed to meet the conditions in Section 4506 of the Parole Code. The Board adopts the Department's argument as to the issue of Inmate's

8

RRRI eligibility. The Department further argues that the PFR should be dismissed as moot because Inmate's RRRI minimum date of June 11, 2022, has already passed, and because he was already considered for and denied parole.

Inmate responds that the Department was required to continue to certify him as RRRI-eligible because it must follow the trial court's sentencing order that declared him RRRI-eligible. Inmate argues that the Department's failure to do so, even when he admittedly did not complete his required programming, is a violation of its duty, resulting in his loss of liberty on parole. Inmate further responds that the Department's program plan included programs that require him to admit guilt, in violation of his *nolo contendere* plea. Inmate presents no response regarding mootness.

Finally, the Department argues that Inmate's application to strike should be denied because it attached Inmate's sentence summary report dated January 24, 2023, as Exhibit D to its POs to rebut Inmate's averments regarding his sentence structure, as permitted by *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 71 (Pa. Cmwlth. 2008).

As to its demurrer, the Board focuses on Inmate's averments that the trial court erred in dismissing his petition for habeas corpus and argues that Inmate cannot revive lapsed appeal rights by filing a mandamus action in this Court's original jurisdiction but should have appealed the trial court's denial to the Superior Court, citing in support *Calloway v. Pennsylvania Board of Probation and Parole*, 857 A.2d 218 (Pa. Cmwlth. 2004). The Board further cites in support *Homa* and *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766 (Pa. Cmwlth. 1997). Inmate responds that the trial court's denial of his habeas corpus petition

9

included an instruction to seek mandamus relief from the Commonwealth Court, which prompted him to file the PFR.

With respect to RRRI eligibility, in *Homa*, 192 A.3d 329, our Court considered a mandamus action filed by an inmate, in which he challenged the Board's decision to deny parole when he reached his minimum sentence date under the RRRI program, and the Board's POs filed in response. The Court considered *Weaver*, 688 A.2d at 777, in which the Court held that "[t]he only relief that [a petitioner] can obtain through mandamus is for the proper procedures to be followed and the proper law be applied in ruling on his application for parole." *Homa*, 192 A.3d at 332. The Court also cited Section 4506 of the Parole Code that requires parole to be granted through the RRRI program only when the criteria of that section are satisfied. *Id.* at 333. We held that, "[t]hus, merely serving the RRRI minimum sentence is not sufficient without Board examination of the criteria," consistent with Section 4506(d) of the Parole Code, which states, "[n]othing in this section shall be interpreted as granting a right to be paroled to any person …." *Id.* at 333. The Court concluded that, under applicable precedent, an inmate who has served his RRRI program minimum "may be granted parole but is not entitled to parole" upon reaching a certain date, citing in support *Weaver*, 688 A.2d at 770, and *Commonwealth v. Hansley*, 47 A.3d 1180, 1188 (Pa. 2012). "Therefore, we hold that no clear legal right in [the inmate] exists here to be paroled after the RRRI minimum sentence imposed has expired." *Homa*, 192 A.3d at 334.

With respect to the Department's program plans, in *Weaver*, 688 A.2d 766, our Court held that mandamus was not available to an inmate who challenged the Department's program requirements which required him to admit guilt, because he could not challenge the Department's discretion to grant or deny parole, either

through a direct appeal or through a mandamus action. The Court rejected the inmate's attempt to convert a "run-of-the-mill parole denial" that could not otherwise be appealed into "frivolous and unfounded constitutional cases" for purposes of taking an appeal. *Id.* at 775. The Court stated that

> [m]andamus cannot be used to say that an agency considered improper factors, that its findings were wrong, or that the reasons set forth in its decision are a pretense.[] If that was the nature of mandamus, there would be no difference between it and an appeal from the agency's decision or other forms of actions to address those concerns.

*Id.* at 777.

After careful review of Inmate's PFR, accepting as true all well-pleaded allegations and reasonable inferences therefrom, we conclude that Inmate failed to state a valid mandamus claim because he did not allege a clear legal right to relief or a corresponding duty in either the Department or Board to grant such relief. *Crozer Chester Medical Center*, 22 A.3d at 193. Under Pennsylvania law, *pro se* litigants are subject to the same rules of procedure as are represented litigants. *Commonwealth v. Williams*, 896 A.2d 523, 534 (Pa. 2006). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading. *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014). The law is clear that *pro se* litigants who choose to litigate in state court must adhere to Pennsylvania's "fact-pleading system of jurisprudence." *Cimaszewski v. Board of Probation and Parole*, 868 A.2d 416, 422 (Pa. 2005).

Here, Inmate's claim that he was entitled to be paroled at his RRRI eligibility date must fail because Inmate has no right to liberty on parole when parole

11

is nothing more "than a possibility." *Weaver*, 688 A.2d at 770. Inmate failed to aver that he has a right to parole at his RRRI eligibility date, when he admitted he did not comply with the Department's program requirements, which were imposed pursuant to Section 4506 of the Parole Code. *Homa*, 192 A.3d at 333-34. Because Inmate's PFR does support Inmate's clear right to relief, he failed to state a valid mandamus claim. *Crozer Chester Medical Center*, 22 A.3d at 193.

Inmate's mandamus claim must also fail because he failed to aver a corresponding duty of the Department to grant him parole at his RRRI eligibility date. Although Inmate correctly argues that the Department has no authority to add or delete sentencing conditions under *McCray*, 872 A.2d 1127, neither the Department nor the Board deleted Inmate's RRRI eligibility from the trial court's sentencing order when the Department decertified him for RRRI eligibility based on his non-compliance with required programs. Instead, the Department decertified Inmate from the RRRI program under the requirements of Section 4506 of the Parole Code. The Department and the Board have different requirements under RRRI, where the Board "is tasked with issuing a decision to parole an offender upon completion of the RRRI [] minimum sentence only if the [] Board independently determines that the offender has successfully completed the required [RRRI] or other similar program." *Hansley*, 47 A.3d at 1188. *See also Homa*, 192 A.3d at 333-34. Because Inmate's PFR does not support a corresponding duty of the Board or Department to grant him parole at his RRRI eligibility date, he failed to state a valid mandamus claim. To the extent Inmate argues that the trial court erred in denying his habeas corpus claim, we conclude that Inmate may not revive a lapsed habeas corpus claim by filing a mandamus action. *Calloway*, 857 A.2d at 221.

As to Inmate's claim that he should not have been denied parole for failing to complete certain programs that would require him to admit guilt for a crime to which he pled *nolo contendere*, our Courts have rejected such claims, even when they implicate constitutional issues. The decision whether to grant or deny parole is subject to the Board's discretion, and mandamus is not available to compel the Board to exercise its discretion in a particular manner. *Sever*, 514 A.2d at 660. Mandamus "cannot be used" to say that the Board considered improper factors in denying Inmate's parole, when a direct appeal of a parole denial is not permitted. *Weaver*, 688 A.2d at 777.

Finally, we deny Inmate's application to strike, because the Department properly attached Inmate's sentence summary report dated January 24, 2023, as Exhibit D to its POs to rebut Inmate's averments regarding his sentence structure. *Lawrence*, 941 A.2d at 71. Because of our disposition, we need not reach the Board's demurrer alleging mootness.

_____
MICHAEL H. WOJCIK, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph LoDuca, :
:
Petitioner :
:
v. : No. 288 M.D. 2023
:
Pa. D.O.C. & Probation and Parole, :
:
Respondents :

**O R D E R**

AND NOW, this 17th day of July, 2024, the preliminary objections in the nature of a demurrer of the Pennsylvania Department of Corrections and the Pennsylvania Parole Board are SUSTAINED; the application to strike filed by Joseph LoDuca is DENIED; and Joseph LoDuca's Petition for Review in the nature of a complaint for mandamus is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge