# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul R. Homa, II,               :

              Petitioner       :

                                :

            v.                 :     No. 368 M.D. 2017

                                :     Submitted: May 25, 2018

Pennsylvania Board of Probation         :

and Parole,                         :

            Respondent      :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY
JUDGE COHN JUBELIRER              FILED: August 9, 2018

Before this Court are the preliminary objections filed by the Pennsylvania Board of Probation and Parole (Board) to the Amended Petition for Writ of Mandamus (Amended Petition) filed by Paul R. Homa, II (Homa), proceeding pro se.[1] Homa challenges the Board's decision to deny him parole arguing that he was entitled to parole when he reached his minimum sentence date under the Risk Recidivism Reduction Incentive (RRRI) program.[2] Finding that Homa has not stated

---

[1] We treat the Amended Petition as a petition for review in our original jurisdiction.

[2] The purpose of the RRRI program is to reduce the risk of future crime, to ensure appropriate punishment for persons who commit crimes, to encourage inmate participation, and to ensure fairness to crime victims. 61 Pa.C.S. § 4502. If an offender is deemed eligible for the RRRI program, his sentence can be reduced. Section 4505(c)(2) of the Prisons and Parole Code (Parole Code) provides "[t]he recidivism risk reduction incentive minimum shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less. The recidivism risk reduction incentive minimum shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." 61 Pa. C.S. § 4505(c)(2).

a claim as a matter of law, we sustain the Board's preliminary objection in the nature of a demurrer and dismiss Homa's Amended Petition.

Homa commenced this action on August 15, 2017, and subsequently filed his Amended Petition on September 6, 2017.  According to Homa's Amended Petition, he is currently incarcerated in the State Correctional Institution at Pine Grove.  On June 25, 2015, the Court of Common Pleas of Butler County (trial court) sentenced Homa to a minimum 22½ months of incarceration under the RRRI program.   Homa alleges that once he reached the RRRI minimum sentence date, the Board denied him parole.  Homa attaches to his Amended Petition two letters he received from the Board denying him parole.  The first letter denying him parole in 2016 stated:

> [T]he Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole pursuant to 61 Pa.C.S. § 4506(a)(10).  The reasons for the Board's decision include the following:
>
> Your prior unsatisfactory probation supervision history.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> Other factors deemed pertinent in determining that you should not be paroled: your failure to address the problematic thinking that has led to your high risk behaviors.[3]

---

[3] The quoted portions of both letters appear in the originals in all capitalized letters but have been changed to lower case for ease of reading.

(Am. Petition Ex. C.)  The letter further stated that Homa was to be reviewed again in July 2017 for parole eligibility.  (*Id.*)  The Board denied Homa parole a second time in July 2017 for the following reasons:

> Your need to participate in and complete additional institutional programs.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> Other factors deemed pertinent in determining that you should not be paroled: your lack of insight requires a longer period of incarceration.

(*Id.*)

Homa claims that by denying him parole, the Board is in contempt of the trial court's order granting him a right to parole, is abusing its discretion, and is violating his due process rights.  According to Homa, the granting of parole is statutorily mandated after serving the imposed RRRI minimum sentence so long as the inmate meets certain criteria.  Homa alleges that he has met the criteria for parole and that the Board's stated reasons for denying him parole are either fabrications or bear no rational relationship to the risk of paroling him.  Homa also seems to argue that the Board is violating his due process rights by refusing to grant him parole.  Homa does not claim to have a liberty interest in being granted parole, instead arguing that it is a violation of his due process rights to base a decision to deny parole on

"constitutionally impermissible reasons," which "bear no rational relationship to rehabilitation." (*Id.*) Homa does not specify which reasons those are, but seems to be alluding to the factors the Board used in denying him parole. (*Id.* ¶ 16.)

In response to Homa's Amended Petition, the Board filed preliminary objections arguing, first, that the averments in Homa's Amended Petition were not verified as required by Rule 1024 of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 1024.[4] Second, the Board sought a demurrer, claiming Homa did not set forth the facts required to sustain a mandamus action. Specifically, the Board argues that mandamus is an extreme remedy that requires the petitioner to have a clear legal right, which does not exist in this case. The Board argues that parole is discretionary, not mandatory, and that the Board was exercising its discretion when it denied Homa parole because he posed a risk to public safety. Finally, the Board argues that Homa's due process rights were not violated because prisoners have no right to be paroled.

Homa filed a response to the Board's preliminary objections essentially reiterating the claims in his Amended Petition. He did not file a brief. On February 8, 2018, the Court issued a per curiam order directing Homa to file a brief in opposition to the preliminary objections within 14 days or the Court would proceed without it. Homa then filed a motion for extension, which was granted by an order

---

[4] Rule 1024(a) provides:

> Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

Pa.R.C.P. No. 1024(a).

dated February 27, 2018, giving him until April 30, 2018 to file a brief. To date, Homa has not done so. Accordingly, we proceed without his brief.

Because it may be dispositive, we begin with the Board's second preliminary objection. In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Stone & Edwards Ins. Agency, Inc. v. Dep't of Ins.,* 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992). This Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). If, under the facts averred, no relief is possible, a demurrer should be sustained. *Hollawell v. Pa. Bd. of Prob. & Parole*, 701 A.2d 290, 291 (Pa. Cmwlth. 1997).

Homa claims he is entitled to mandamus relief. Actions in mandamus exist to compel performance of a mandatory duty or to enforce a **clear legal right in the petitioner** and "will not lie to compel discretionary acts." *Bronson v. Bd. of Prob. & Parole,* 421 A.2d 1021, 1023 (Pa. 1980) (citing *Paige v. Pa. Bd. of Parole*, 311 F. Supp. 940 (E.D. Pa. 1970)). "Mandamus is not available to establish legal rights, but is appropriate only to enforce rights that have been established." *Wilson v. Pa. Bd. of Prob. & Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008) (citing *Feigley v. Dep't of Corr.*, 731 A.2d 220 (Pa. Cmwlth. 1999)). Further, this Court has previously held, "[t]he only relief that [a petitioner] can obtain through mandamus is for the proper procedures to be followed and the proper law be applied by the Board in ruling on his application for parole." *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997). Finally, mandamus cannot be used to dispute the weight the Board gave to the factors for parole. *See id.* ("Mandamus

5

cannot be used to say that an agency considered improper factors, that its findings of fact were wrong, or that the reasons set forth in its decision are a pretense.").

Homa argues that upon his completion of his RRRI minimum sentence, the Board was **required** to parole him. He points to the language of Section 4506(a) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 4506(a), as granting him a right to parole provided he satisfies certain criteria, which he claims he has. Section 4506(a) states:

> The board or its designee **shall** issue a decision to parole, **without further review** by the board, an inmate who has been sentenced to a recidivism risk reduction incentive minimum sentence at the expiration of that recidivism risk reduction incentive minimum sentence **upon a determination that all of the following [criteria] apply**. . . .[5]

---

[5] There are 10 listed criteria a prisoner must meet under Section 4506(a) to be eligible for parole:

(1) The department certified that it has conducted an appropriate assessment of the treatment needs and risks of the inmate using nationally recognized assessment tools that have been normed and validated.

(2) The department has certified that it developed a program plan based on the assessment conducted under paragraph (1) that is designed to reduce the risk of recidivism through the use of recidivism risk reduction incentive programs authorized and approved under this chapter that are appropriate for that particular inmate.

(3) The department advised the inmate that the inmate is required to successfully complete the program plan.

(4) The inmate has successfully completed all required recidivism risk reduction incentive programs or other programs designated in the program plan.

(5) The inmate has maintained a good conduct record following the imposition of the recidivism risk reduction incentive minimum sentence.

6

61 Pa.C.S. § 4506(a) (emphasis added).

Upon review, we decline to adopt Homa's interpretation that Section 4506(a) of the Parole Code **mandates** parole after serving the RRRI minimum sentence. Section 4506(a) provides that there be a decision to parole "upon a determination that all of the following [criteria] apply . . . ." Thus, merely serving the RRRI minimum sentence is not sufficient without Board examination of the criteria. This is consistent with another provision of the Parole Code, Section 4506(d), which states, "[n]othing in this section shall be interpreted as granting a **right to be paroled** to any person . . . ." 61 Pa.C.S. §4506(d) (emphasis added). Our precedent likewise holds that a prisoner who has served the RRRI minimum sentence **may be** granted parole but **is not entitled** to parole. The Pennsylvania Supreme Court explained that "although the [trial] court imposes an RRRI . . . minimum sentence, the offender is not guaranteed a right to be granted parole upon the expiration of that term."

---

(6) The reentry plan for the inmate is adequate.

(7) Individual conditions and requirements for parole have been established.

(8) Notice and opportunity to be heard was provided by the board to the sentencing court and the prosecuting attorney in a manner consistent with section 6137(g)(2) (relating to parole power).

(9) The department has certified that the inmate continues to be an eligible offender. In the event that a recidivism risk reduction minimum sentence was imposed under section 4505(b) (relating to sentencing), the department certifies that it has not received additional information demonstrating a history of past or present violent behavior which was not available at the time of sentencing and the prosecuting attorney was unaware of that information at the time of sentencing.

(10) There is no reasonable indication that the inmate poses a risk to public safety.

61 Pa.C.S. § 4506(a).

*Commonwealth v. Hansley*, 47 A.3d 1180, 1188 (Pa. 2012). This interpretation is also consistent with our holdings regarding parole, generally. *See Weaver*, 688 A.2d at 770 ("[A] parole eligibility date, usually set at the expiration of the prisoner's minimum sentence, does not vest any right to a grant of parole upon reaching that date.") (citing *Reider v. Pa. Bd. of Prob. & Parole*, 514 A.2d 967, 971-72 (Pa. Cmwlth. 1986)). Therefore, we hold that no clear legal right in Homa exists here to be paroled after the RRRI minimum sentence imposed has expired.

Because we find that Homa has no right to be automatically paroled under Section 4506, mandamus would only be proper if the Board has otherwise failed to follow its statutory duties. It is well settled that the Board has been granted broad discretion in parole matters by the legislature. *Commonwealth v. Vladyka*, 229 A.2d 920, 922 (Pa. 1967). One limitation on the Board's discretion is that it must provide a "brief statement of the reasons for the board's action" pursuant to Section 6139(a)(5) of the Parole Code, 61 Pa.C.S. § 6139(a)(5). The Supreme Court of Pennsylvania has stated that the Board "must articulate the basis for its decision" and that "simply checking 'No' on a standard hearing form" is not enough. *Pittman v. Pa. Bd. of Prob. & Parole,* 159 A.3d 466, 474 (Pa. 2017). Here, the Board complied with its statutory duty of providing a brief statement of the reasons for its action in both of its denial letters to Homa. Contrary to Homa's contention, nothing in Section 4506(a) limits the Board's discretion. In fact, the Board is specifically given discretion to determine whether Homa poses a risk to society and in the factors it considers relevant for doing so. (Am. Petition Ex. C.) Therefore, we find that mandamus is improper here because Homa has no legal right to parole and the Board has not misapplied or abused its discretion in applying the law.

Finally, we turn to Homa's claim that his due process rights were violated when he was denied parole after his RRRI minimum sentence. Under Pennsylvania law, a prisoner has no liberty interest in parole. *Blair v. Pa. Bd. of Prob. & Parole*, 467 A.2d 71, 73 (Pa. Cmwlth. 1983). Homa contends that even without a liberty interest in parole, basing a decision to deny him parole on "constitutionally impermissible reasons" constitutes a due process violation. (Am. Petition ¶ 15.) Homa is essentially asserting that, although he does not have procedural due process rights, he still retains substantive due process rights. However, the only substantive due process rights afforded to a prisoner denied parole lie in making sure the Board followed the minimum duties required by the law. *Weaver*, 688 A.2d at 776-77. As previously discussed, the Board has complied with these minimal duties by providing Homa with the reasons he was denied parole, basing its decision on factors it had the discretion to consider. Therefore, Homa is not entitled to any mandamus relief.

Accepting all of the pleaded facts as true, we find that Homa has failed to state a claim for mandamus relief. Thus, we sustain the Board's preliminary objection in the nature of a demurrer and dismiss Homa's Amended Petition.[6]

_____

**RENÉE COHN JUBELIRER,** Judge

---

[6] Given our disposition, it is not necessary to address the Board's other preliminary objection related to verification.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Paul R. Homa, II,            :
           Petitioner     :
                       :
                       :
        v.            :    No. 368 M.D. 2017
                       :
Pennsylvania Board of Probation   :
and Parole,              :
           Respondent   :

**O R D E R**

**NOW**, August 9, 2018, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole (Board) is **SUSTAINED.** The amended petition for writ of mandamus is **DISMISSED WITH PREJUDICE.** The Board's preliminary objection related to verification is **DISMISSED AS MOOT.**

_____
**RENÉE COHN JUBELIRER,** Judge