IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen L. Leonardo,                          :
                        Petitioner            :
                                              :
            v.                                :
                                              :
Pa. Board of Probation and Parole,            :
Josh Shapiro, Pennsylvania Attorney           :
General, Office of Chief Counsel,             :
Pennsylvania Department of                    :
Corrections,                                  :   No. 156 M.D. 2021
                        Respondents           :   Submitted: October 21, 2022


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: March 17, 2023


            Before this Court are the Pennsylvania Parole Board's (Board),[1]
Pennsylvania Attorney General Josh Shapiro's,[2] and the Pennsylvania Department
of Corrections Office of Chief Counsel's (collectively, Respondents) preliminary
objections (Preliminary Objections) to Stephen L. Leonardo's (Leonardo) pro se
petition for review in the nature of a complaint in mandamus (Complaint) filed in

---

[1] Effective February 18, 2020, the Pennsylvania Board of Probation and Parole was
renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December
18, 2019, P.L. 776, No. 115; *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code,
61 Pa.C.S. §§ 6101, 6111(a).
[2] On January 17, 2023, former Attorney General Josh Shapiro was sworn in as
Pennsylvania's Governor. On March 8, 2023, Michelle A. Henry was sworn in as Pennsylvania's
Attorney General. Under Pennsylvania Rule of Appellate Procedure 502(c), when a public officer
named in an appeal ceases to hold office, "his successor is automatically substituted as a party."
Pa.R.A.P. 502(c).

this Court's original jurisdiction. After review, this Court sustains the Preliminary Objections and dismisses the Complaint.

## Background[3]

Leonardo is currently serving a 14- to 29-year sentence for rape and involuntary deviate sexual intercourse convictions at the State Correctional Institution at Rockview. *See* Complaint at 7.[4] After reaching his parole eligibility minimum sentence date in 2018, Leonardo applied to the Board for parole consideration. *See id.* On April 26, 2018, the Board denied Leonardo parole.[5] *See* Complaint at 7, 18-19. The Board also denied him parole on November 15, 2019.[6] *See* Complaint at 7, 20-21. In response to Leonardo's January 25, 2021 parole application, by January 28, 2021 letter, the Board informed him:

> The [] Board is not required to consider an application for parole by an inmate or his/her attorney submitted within three years from the date a Board [a]ction was recorded after a parole interview or hearing, per Title 61 [of the] (Prisons and Parole [Code (Parole Code)]) as amended in 2020. Therefore, your request for review is denied.

---

[3] The facts are as Leonardo alleged in the Complaint.

[4] Because the Complaint pages are not numbered, and the Complaint is divided into separate sections with duplicative paragraph numbers, the page numbers referenced in this Opinion reflect the Court's electronic pagination.

[5] The Board's reasons for denying Leonardo parole in April 2018 were: his risk assessment reflected that he posed a risk to the community; his "failure to demonstrate motivation for success"; his "denial of the nature and circumstances of the offense(s) [he] committed"; his "refusal to accept responsibility for the offense(s) [he] committed"; his "lack of remorse for the offense(s) [he] committed"; his "negative interest in parole"; and he "remain[ed] a danger to the public." Complaint at 18.

[6] The Board's reasons for denying Leonardo parole in November 2019 were: his risk assessment reflected that he posed a risk to the community; his "failure to demonstrate motivation for success"; his "minimization/denial of the nature and circumstances of the offense(s) [he] committed"; his "refusal to accept responsibility for the offense(s) [he] committed"; and his "lack of remorse for the offense(s) [he] committed." Complaint at 20.

2

[Three-year review crimes include: murder, voluntary manslaughter, kidnapping, trafficking in individuals, involuntary servitude, rape, statutory sexual assault, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, indecent assault, incest and individuals designated as a sexually violent predator under 42 Pa.C.S. Ch. 97 Subch[s]. H (sex offender registration) or I (continued sex offender registration).]

Complaint Ex. A-3 at 1. Because the General Assembly's only Parole Code amendment effective in 2020 that referenced a three-year parole review waiting period was its addition of subsection (3.3) (imposing a three-year parole application review for those charged with rape and involuntary deviate sexual intercourse) and subsection (3.4) (imposing a three-year parole application review for sexually violent predators or registered sex offenders) to Section 6139(a) of the Parole Code, the only Parole Code amendment to which the Board could be referring was Section 6139(a) of the Parole Code, 61 Pa.C.S. § 6139(a)(3.3)-(3.4), effective November 25, 2020.[7] *See* Complaint at 7, Ex. A-3 at 1.

On May 13, 2021, Leonardo filed the Complaint, alleging therein that the Board arbitrarily denied his parole without due process despite that he had successfully completed all of his required programs, *see* Complaint at 6-7, 11, and the Board's application of Section 6139(a)(3.3) of the Parole Code violated his right to due process and the constitutional prohibition against *ex post facto* laws. *See* Complaint at 5-8, 11. Leonardo seeks an order from this Court compelling Respondents to vacate the Board's prior parole decisions and "grant [him] a [p]arole date . . . ." Complaint at 11.

---

[7] *See* Section 1 of the Act of November 25, 2020, P.L. 1219. Despite that Leonardo repeatedly refers in his pleadings to the November 25, 202**1** Parole Code amendment, and the General Assembly's only subsequent amendment to Section 6139 of the Parole Code was effective June 30, 2021, *see* Section 21.1 of the Act of June 30, 2021, P.L. 260, it is clear from the context that he meant the November 25, 202**0** amendment.

3

On December 15, 2021, Leonardo filed a supplemental amended petition for review in the nature of a complaint in mandamus, consisting of five paragraphs, wherein he alleged additional facts, i.e., he had obtained recommendations for parole in August 2021, and the Board interviewed him on October 6, 2021, but again denied him parole on October 25, 2021. *See* Amended Petition at 2, 4-5. On December 28, 2021, this Court ordered Respondents to file a responsive pleading within 30 days. Thereafter, Respondents requested an extension to file a response, which the Court granted until February 28, 2022.

On February 28, 2022, Respondents filed the Preliminary Objections, asserting therein that the Complaint should be dismissed because it: (1) fails to comply with Pennsylvania Rule of Appellate Procedure (Rule) 1513(c) (First Preliminary Objection); and (2) fails to state a mandamus action upon which relief may be granted (demurrer) (Second Preliminary Objection).

On March 31, 2022, Leonardo opposed the Preliminary Objections, but also filed a second supplemental amended petition for review in the nature of a complaint in mandamus (Second Supplement), wherein he again asked this Court to "grant [him] a [p]arole date . . . ." Second Supplement at 1; *see also* Second Supplement at 6. In the Second Supplement, Leonardo added paragraph numbers, but omitted the previously included procedural history necessary to explain the nature of Leonardo's incarceration, and that the Board previously denied his parole applications and refused to consider his January 2021 parole application based on the November 2020 Parole Code amendment (and, hence, how and why he would be harmed by the Board's application of Section 6139(a)(3.3) of the Parole Code).[8] Without those specific allegations, the Second Supplement merely presented legal argument without alleging material facts that would entitle him to *any* relief.

_____

[8] Leonardo did not incorporate his Complaint's factual allegations in the Second Supplement.

Because the Second Supplement did not correct or add facts or add new causes of action, it did not constitute an amended complaint.[9]

By April 8, 2022 Order, this Court directed the parties to file their respective briefs, and declared that it would decide the Preliminary Objections based thereon without oral argument. On May 10, 2022, Respondents filed their brief supporting the Preliminary Objections. On June 27, 2022, Leonardo filed his brief in opposition to the Preliminary Objections.

## Discussion

Initially, Pennsylvania Rule of Appellate Procedure 1516(b) authorizes the filing of preliminary objections to an original jurisdiction petition for review. *See* Pa.R.A.P. 1516(b).

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review [in the nature of a complaint], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary

---

[9] "Pennsylvania is a fact-pleading state . . . ." *Chester Upland Sch. Dist. v. Rossi*, 275 A.3d 1117, 1128 (Pa. Cmwlth. 2022). Accordingly, Pennsylvania Rule of Civil Procedure (Civil Rule) 1019(a), relating to contents of pleadings, mandates: "The material facts on which a cause of action . . . is based shall be stated in a concise and summary form." Pa.R.Civ.P. 1019(a).

> Specifically, a petitioner is required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action." *Commonwealth ex rel. Pappert v. TAP Pharm*[.] *Prod*[*s.*]*, Inc.*, 868 A.2d 624, 636 (Pa. Cmwlth. 2005). Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard. *See Lerner v. Lerner*, 954 A.2d 1229, 1235-36 (Pa. Super. 2008). Under the system of fact pleading, every act or performance essential to that end must be set forth in the complaint.

*Chester Upland Sch. Dist.*, 275 A.3d at 1128. Civil Rule 1019(a) applies to both complaints and amended complaints. *See Bouchon v. Citizen Care, Inc.*, 176 A.3d 244 (Pa. Super. 2017).

5

objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). Nonetheless, "[c]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019) (quoting *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)).

Because it is dispositive, this Court will first address Respondents' Second Preliminary Objection. Relative to Respondents' Second Preliminary Objection, Pennsylvania Rule of Civil Procedure 1028(a)(4) authorizes Respondents to object to the Complaint on grounds that it fails to state a cause of action upon which relief may be granted (i.e., demurrer). *See* Pa.R.Civ.P. 1028(a)(4). Respondents argue that Leonardo failed to state a valid mandamus action because his allegations "do not point to a specific law or policy that has changed the requirement for parole consideration[,]" Respondents' Br. at 7, and the Board's discretion in parole matters is not subject to judicial review.

Leonardo acknowledged in his Complaint, and the law is well settled:

The common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. *McGill v. P*[*a.*] *Dep*[*'*]*t of Health, Off*[*.*] *of Drug* [*&*] *Alcohol Programs*, 758 A.2d 268, 270 (Pa. Cmwlth. 2000). 'The burden of proof falls upon the party seeking this extraordinary

6

> remedy to establish his legal right to such relief.' *Werner v. Zazyczny*, . . . 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires '[1] a clear legal right in the [petitioner], [2] a corresponding duty in the [respondent], and [3] a lack of any other adequate and appropriate remedy at law.' *Crozer Chester Med*[.] *C*[*tr.*] *v.* . . . *Bureau of Workers' Comp*[.]*, Health Care Serv*[*s.*] *Rev*[.] *Div*[.], . . . 22 A.3d 189, 193 ([Pa.] 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established.

> *Sinkiewicz v. Susquehanna Cnty. Bd. of Comm'rs*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). "**Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way**." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007) (emphasis added). Further, "[i]n the context of a discretionary act, a court can issue such a writ to mandate the exercise of [its] discretion in some fashion, but not to require that it be exercised in a particular manner." *Sever v. Dep't of Env*[*'t*] *Res.*, . . . 514 A.2d 656, 660 ([Pa. Cmwlth.] 1986) (quoting *U.S. Steel Corp. v. Papadakos*, . . . 437 A.2d 1044, 1046 ([Pa. Cmwlth.] 1981)).

*Stodghill v. Pa. Dep't of Corr.*, 150 A.3d 547, 552 (Pa. Cmwlth. 2016), *aff'd*, 77 A.3d 182 (Pa. 2018).

Relevant to this case, the law is well established: "[A] parole eligibility date, usually set at the expiration of the prisoner's minimum sentence, does not vest any right to a grant of parole upon reaching that date." *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997).

> Parole is nothing more than a possibility, and, when granted, it is nothing more than a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law abiding citizen in society.

*Id*. Therefore,

7

parole is not a right in Pennsylvania, but a matter of grace. *Commonwealth v. Brittingham*, . . . 275 A.2d 83 ([Pa.] 1971); *Reider v. P*[*a.*] *B*[*d.*] *of Prob*[*.*] [*&*] *Parole*, . . . 514 A.2d 967 ([Pa. Cmwlth.] 1986). The Board has been granted broad discretion in parole matters and what the Board decides, and why, being wholly a matter of the Board's discretion, is simply not subject to judicial review. [*Id.*] . . . [at] 971-72 . . . . It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison. *Id.* As a result, decisions to grant or deny parole are generally not appealable except to the extent that a constitutional or statutory violation has occurred.

*Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998). Thus, although a prisoner has no liberty interest in parole, he does have a substantive due process right "in making sure the Board followed the minimum duties required by the law." *Homa v. Pa. Bd. of Prob. & Parole*, 192 A.3d 329, 334 (Pa. Cmwlth. 2018). Due process challenges are among those that "may be raised in a mandamus action." *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1233 (Pa. Cmwlth. 2021).

However, Leonardo appears to argue that the Board denied him due process in denying his parole because it focused on the nature of his criminal conduct without considering the other factors that weighed in favor of granting him parole. *See* Complaint at 6, 8, 11. Section 6139(a)(2) of the Parole Code mandates that "[t]he [B]oard shall consider applications for parole by an offender . . . ." 61 Pa.C.S. § 6139(a)(2). Section 6139(a)(5) of the Parole Code also specifies that the Board must file of record "a brief statement of the reasons" if it denies parole. 61 Pa.C.S. § 6139(a)(5). According to the allegations in the Complaint, when the Board denied Leonardo's parole, it detailed its reasons for doing so. *See* Complaint at 18, 20. This Court has ruled that, because "the Board is specifically given discretion to determine whether [a prisoner] poses a risk to society and in the factors it considers relevant for doing so[,]" *Homa*, 192 A.3d 334, "mandamus cannot be used to dispute the

8

weight the Board gave to the factors for parole." *Id*. at 332; *see also Weaver*, 688 A.2d at 777 ("Mandamus cannot be used to say that an agency considered improper factors, that its findings of fact were wrong, or that the reasons set forth in its decision are a pretense.").

Because Leonardo did not and cannot sufficiently plead that "the Board [failed to] follow[] the minimum duties required by the law" in considering his parole factors, *Homa*, 192 A.3d at 334, he failed to state a viable mandamus claim against Respondents on the basis that the Board violated his due process rights.

Next, notwithstanding Respondents' claim that Leonardo's allegations "do not point to a specific law or policy that has changed the requirement for parole consideration[,]" Respondents' Br. at 7, based on this Court's review of the Complaint, and the Board's January 28, 2022 letter attached to the Complaint, Leonardo challenges the Board's application of the November 25, 2020 amendment to Section 6139(a)(3.3) of the Parole Code, which delays parole consideration for three years, because it violated the constitutional prohibition against *ex post facto* laws by prolonging his incarceration. *See* Complaint at 10-11, 22.

"Where . . . the actions of the [B]oard taken pursuant to changed statutory requirements are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the *ex post facto* clause." *Coady v. Vaughn*, 770 A.2d 287, 290 (Pa. 2001)[10] (footnote omitted); *see also Toland*, 263 A.3d at 1233 (*Ex post facto* claims "may be raised in a mandamus action.").

> Section 9 of Article I of the United States [(U.S.)] Constitution provides that "[n]o . . . *ex post facto* [l]aw shall be passed." U.S. CONST. [a]rt. I, § 9. Section 17 of article I of the Pennsylvania Constitution states that "[n]o

---

[10] Opinion after certified question answered, 251 F.3d 480 (3d Cir. 2001).

*ex post facto* law . . . shall be passed." PA. CONST. art. I, § 17.

*Toland*, 263 A.3d at 1224 n.3. The *Toland* Court explained:

> The *ex post facto* prohibition bars enactments by the [s]tates "which, by retroactive operation, increase the punishment for a crime after its commission." *Garner* [*v. Jones*], 529 U.S. [244,] 249 . . . [(2000)] (citing *Collins v. Youngblood*, 497 U.S. 37, 42 . . . (1990)). "Retroactive changes in laws governing parole of prisoners, in some instances may be violative of this precept." *Id*. (citing *Weaver v. Graham*, 450 U.S. 24, 32 . . . (1981); [*Cal. Dep't of Corr. v.*] *Morales*, 514 U.S. [499,] 508-09 . . . [(1995)]). Our [Pennsylvania] Supreme Court has recognized the potential of an *ex post facto* violation by a change in a parole law under the Pennsylvania and [U.S.] Constitutions. *Coady*, 770 A.2d at 290. "Two critical elements must be present for a criminal or penal law to be violative of the *ex post facto* clause: '**It must be retrospective**, that is, it must apply to events occurring before its enactment, and **it must disadvantage the offender** affected by it.'" *Cimaszewski* [*v. Pa. Bd. of Prob. & Parole*], 868 A.2d [416,] 423 [(Pa. 2005)] (quoting *Weaver*, 450 U.S. at 29 . . . ).

*Id*. at 1235 (emphasis added).

Until November 25, 2020, in all cases, Section 6139(a)(3) of the Parole Code declared that "the [B]oard shall not be required to consider nor dispose of an application by an offender . . . where a parole decision has been issued by the [B]oard on that case within one year of the date of the current application for parole." 61 Pa.C.S. § 6139(a)(3). However, effective November 25, 2020, the General Assembly added Section 6139(a)(3.3) to the Parole Code, which states, in pertinent part:

> [I]f a parole decision has been issued by the [B]oard within three years of the date of the current application, the [B]oard shall not be required to consider nor dispose of an

10

> application by an offender . . . sentenced under any of the following provisions of [the Crimes Code]:[11]
>
> . . . .
>
> Section 3121 [of the Crimes Code, 18 Pa.C.S. § 3121] (relating to rape).
>
> . . . .
>
> Section 3123 [of the Crimes Code, 18 Pa.C.S. § 3123] (relating to involuntary deviate sexual intercourse).

61 Pa.C.S. § 6139(a)(3.3).

Because Leonardo was convicted of rape and involuntary deviate sexual intercourse before the General Assembly enacted the 2020 Parole Code amendment, the Board's declaration that it would not consider his January 2021 parole application until three years had elapsed from Leonardo's last parole denial constituted retroactive application of Section 6139(a)(3.3) of the Parole Code. "We must, therefore, examine whether [Leonardo] has sufficiently pled that the application of the [2020 a]mendment has disadvantaged [him] such that it violates the *ex post facto* prohibition." *Toland*, 263 A.3d at 1235.

Leonardo's claimed disadvantage is that the Board's application of Section 6139(a)(3.3) of the Parole Code *extended* his incarceration. Indeed, "[a] state law violates the *ex post facto* clause if it was adopted after the complaining party committed the criminal acts and 'inflicts a greater punishment than the law annexed to the crime, when committed.'" *Sherwood v. Pa. Dep't of Corr.*, 268 A.3d 528, 548-49 (Pa. Cmwlth. 2021) (quoting *Commonwealth v. Wall*, 867 A.2d 578, 580 (Pa. Super. 2005)). However, that is not the case here.

Like Section 6139(a)(3.1) of the Parole Code, 61 Pa.C.S. § 6139(a)(3.1), Section 6139(a)(3.3)(ii) of the Parole Code warns that the three-year

---

[11] 18 Pa.C.S. §§ 101-9546.

consideration postponement "under [Section 6139(a)(3.3)] of the Parole Code shall [not] be interpreted as granting a right to be paroled to any person[.]" 61 Pa.C.S. § 6139(a)(3.3)(ii). Therefore, Leonardo had no guaranteed right to be paroled. Moreover, although a prisoner's "minimum sentence [] sets the time after which he is eligible to serve the remainder of his sentence on parole[,]" his "*actual* sentence . . . is his maximum sentence[.]" *Hudson v. Pa. Bd. of Prob. & Parole*, 204 A.3d 392, 396 (Pa. 2019) (emphasis added). "[T]he prisoner on parole is still in the legal custody of the state . . . , and is under the control of the warden and of other agents of the Commonwealth until expiration of the [maximum] term of his sentence." *Id*. (quoting *Brittingham*, 275 A.2d at 85). "A grant of parole does not eliminate a prisoner's sentence, but instead, the prisoner continues to serve his sentence . . . ." *Weaver*, 688 A.2d at 769. Correspondingly, denial of parole does not *extend* a prisoner's sentence, but requires him to continue to serve his maximum sentence. Therefore, in denying Leonardo's parole, or delaying its consideration of his parole application, the Board did not inflict a new or greater punishment than he was originally given.

In *Morales*, the prisoner challenged, on *ex post facto* grounds, a statute that similarly extended the period between parole considerations from one to three years for prisoners convicted of the most serious offenses. In reversing the lower court's determination that the change violated the *ex post facto* clause, the U.S. Supreme Court observed: "The amendment [] left unchanged the substantive formula for securing any reductions to this sentencing range. . . . The amendment had no effect on the standards for fixing a prisoner's initial date of 'eligibility' for parole [(i.e., the date on which he could first be considered for parole)], . . . or for determining his 'suitability' for parole and setting his release date[.]" *Morales*, 514 U.S. at 507.

Likewise, here, the Board's postponement of Leonardo's parole consideration pursuant to Section 6139(a)(3.3) of the Parole Code "had no effect on the standards for fixing [Leonardo's minimum sentence date],[12] . . . or for determining his 'suitability' for parole and setting his [maximum sentence] release date[.]" *Morales*, 514 U.S. at 507. In addition, as the Complaint reflects, the Board's conclusions that Leonardo should not be paroled were based on its observations that he posed a risk to the community, he lacked motivation for success, he minimized and/or denied the nature of his offenses, and he did not accept responsibility or demonstrate remorse for his offenses. *See* Complaint at 18, 20. In light of those circumstances, the Board did not extend Leonardo's incarceration, but required him to continue to serve the term the sentencing court originally imposed pending the Board's next review.

Because Leonardo did not and cannot sufficiently plead that the Board's application of the November 25, 2020 amendment to Section 6139(a)(3.3) of the Parole Code inflicted a new or greater punishment by prolonging his incarceration, he failed to state a viable mandamus claim against Respondents on the basis that the Parole Code's "statutory requirements have been altered in a manner that violates the *ex post facto* clause." *Coady*, 770 A.2d at 290. Moreover, even if this Court determined that Leonardo was entitled to mandamus relief, because the Court cannot order the Board to exercise its discretion in a particular manner, *see Stodghill*, this Court cannot, as Leonardo requests, order the Board to grant him a parole date.[13] *See* Complaint at 11.

---

[12] "Under Pennsylvania law, the minimum term imposed on a prison sentence [] sets the date prior to which a prisoner may *not* be paroled." *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 321 n.2 (Pa. 1999) (citations omitted). A prisoner may apply to the Board for parole consideration at the expiration of his minimum term, *see id.*, which is what Leonardo did in this case. *See* Complaint at 7.

[13] In light of this Court's disposition of Respondents' Second Preliminary Objection, this Court need not address Respondents' First Preliminary Objection.

**Conclusion**

Accepting all of the pleaded facts as true, as this Court must, Leonardo's Complaint failed to state a mandamus claim for which relief may be granted. Thus, this Court sustains Respondents' Second Preliminary Objection and dismisses Leonardo's Complaint.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen L. Leonardo,
          Petitioner

        v.

Pa. Board of Probation and Parole,
Josh Shapiro, Pennsylvania Attorney
General, Office of Chief Counsel,
Pennsylvania Department of
Corrections,
          Respondents

No. 156 M.D. 2021

## O R D E R

AND NOW, this 17th day of March, 2023, the Pennsylvania Parole Board's, Pennsylvania Attorney General Josh Shapiro's, and the Pennsylvania Department of Corrections Office of Chief Counsel's second preliminary objection to Stephen L. Leonardo's pro se petition for review in the nature of a complaint in mandamus (Complaint) is SUSTAINED, and the Complaint is DISMISSED.

_____
ANNE E. COVEY, Judge