IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chad Michael Salsman,          :
           Petitioner       :
                         :
      v.                   :   No. 369 M.D. 2023
                         :
Commonwealth of Pennsylvania,   :
Pennsylvania Parole Board,      :
           Respondent   :   Submitted: July 5, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                     FILED: August 26, 2024

Before this Court are Preliminary Objections filed by the Pennsylvania Parole Board (Board) to the Complaint in Equity Seeking Mandamus Relief (Complaint) filed by Chad Michael Salsman. For the reasons that follow, we overrule in part and sustain in part the Board's Preliminary Objections and dismiss Mr. Salsman's Complaint.

## **Background**

On May 7, 2021, Mr. Salsman[1] pled guilty to the crimes of promoting prostitution, intimidation of a witness, and obstruction of the law.[2] On July 9, 2021, the Court of Common Pleas of Bradford County sentenced Mr. Salsman to an

---

[1] Mr. Salsman is the former District Attorney of Bradford County. Compl. ¶ 1.

[2] Sections 5902(b)(3), 4952, and 5101 of the Crimes Code, 18 Pa. C.S §§ 5902(b)(3), 4952, and 5101, respectively.

aggregate term of 18 to 60 months' incarceration and found him eligible for the recidivism risk reduction incentive (RRRI) program.[3]

The Board denied Mr. Salsman parole on April 12, 2022, and again on June 22, 2023. In its June 22, 2023 Notice of Board Decision (Decision), the Board set forth the following reasons for denying Mr. Salsman parole: his failure to demonstrate motivation for success; his minimization/denial of the nature and circumstances of the offenses committed; his lack of remorse for the offenses committed; and the prosecuting attorney's negative recommendation. Compl., Ex. A. The Board stated that it based its decision on its interview with Mr. Salsman, its review of his file, and its consideration of the factors set forth in the Prisons and Parole Code, 61 Pa.C.S. §§101-7301.[4] *Id.* The Board further stated that it would review Mr. Salsman's eligibility for parole again on or after January 2024. *Id.*

---

[3] Our Court has explained:

> The purpose of the RRRI program is to reduce the risk of future crime, to ensure appropriate punishment for persons who commit crimes, to encourage inmate participation, and to ensure fairness to crime victims. If an offender is deemed eligible for the RRRI program, his sentence can be reduced. Section 4505(c)(2) of the Prisons and Parole Code (Parole Code) provides [that] "[t]he [RRRI] minimum shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less. The [RRRI] minimum shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." 61 Pa. C.S. § 4505(c)(2).

*Homa v. Pa. Bd. of Prob. & Parole*, 192 A.3d 329, 330 n.2 (Pa. Cmwlth. 2018) (internal citation omitted). In other words, under the RRRI program, "a defendant initially sentenced to a minimum state sentence, *if determined by the sentencing court to be eligible*, [may be] released on parole before the minimum sentence's expiration." *Com. v. Stotelmyer*, 110 A.3d 146, 153 (Pa. 2015) (emphasis added).

[4] Under Section 6135(a) of the Parole Code, the Board is required to consider the following factors in determining whether to grant parole to an inmate:

**(Footnote continued on next page…)**

2

On August 16, 2023, Mr. Salsman filed his Complaint with this Court, seeking mandamus relief and asking this Court to "immediately order the release of Mr. Salsman." Compl. at 1 (introductory paragraph). Mr. Salsman avers in pertinent part:

8) Mr. Salsman has completed all programs in prison successfully and has accepted complete and full responsibility for his conduct. Initially, he was denied parole in April of 2022.

9) Mr. Salsman came up for parole again in 2023. This time, again he ha[d] completed all programs in prison successfully and has accepted complete and full responsibility for his conduct, had the full support

---

(1) The nature and circumstances of the offense committed.

(2) Any recommendations made by the trial judge and prosecuting attorney.

(3) The general character and background of the inmate.

(4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa. C.S. §[ ]9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.

(5) The written or personal statement of the testimony of the victim or the victim's family submitted under [S]ection 6140 [of the Parole Code] (relating to victim statements, testimony and participation in hearing).

(6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.

(7) The conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.

61 Pa. C.S. § 6135(a). The Board has the discretion to decide which of these factors to afford the most weight in considering whether to grant parole. *McGinley v. Pa. Bd. of Prob. & Parole*, 90 A.3d 83, 93 (Pa. Cmwlth. 2014).

and recommendation of the prison for his release, and to his knowledge there was nothing negative stated about his conduct in prison. He has no prison writeups or anything of that nature or any prison disciplinary actions against him.

10) Mr. Salsman met with a member of the . . . Board. But he was not given any hearing before the [Board]. Unfortunately, he was denied parole for a second time without good reason and denied on incorrect and false facts.

*Id.* ¶¶ 8-10. According to Mr. Salsman, because he was found eligible for the RRRI program, he became "eligible for parole . . . [thirteen and one-half] months from the July 9[], 2021 [sentencing] date, . . . which would have allowed his release in August of 2022 for the RRRI sentence." *Id.* ¶ 7.

In support of his request for mandamus relief, Mr. Salsman avers:

The [Board] abused its discretion in not paroling Mr. Salsman, and more importantly, ignored that he has the prison's recommendation, has completed all programs, has created no problems, has created no disciplinary problems, has accepted full remorse and reform[,] and is ready to move forward with his life. It is highly unusual that someone with his background is denied parole two times in a row and it makes absolutely no sense and is an abuse of discretion and a denial of due process.

*Id.* ¶ 25. He therefore asks this Court to order the Board "to release him because he has met all terms and conditions, has served far beyond his minimum sentence[,] and the reasons given for the denial are bogus and incorrect and he was not given a hearing or an opportunity to refute those reasons." Compl. at 9 (prayer for relief).

On September 13, 2023, the Board filed Preliminary Objections to the Complaint, asserting lack of jurisdiction and failure to state a legally sufficient claim for relief (demurrer). On October 12, 2023, Mr. Salsman filed an Answer to the

4

Board's Preliminary Objections. Both parties have also filed briefs in support of their respective positions.[5]

## Analysis

### 1. Lack of Jurisdiction

First, the Board asserts that, although styled as a mandamus petition, Mr. Salsman's Complaint is actually a petition for a writ of *habeas corpus* because it asks this Court to "immediately order the release of Mr. Salsman," and *habeas corpus* petitions are outside the scope of this Court's jurisdiction. *See* Section 761(a)(1)(i) of the Judicial Code, 42 Pa. C.S. § 761(a)(1)(i) (stating that this Court has original jurisdiction of all civil actions against the Commonwealth and its officers *except* actions "in the nature of applications for a writ of *habeas corpus* . . . not ancillary to proceedings within the appellate jurisdiction of the [C]ourt"); *see also Szymanski v. Allegheny Cnty. Ct. Crim. Div.*, 465 A.2d 1081 (Pa. Cmwlth. 1983) (finding that the petitioner's complaint included a request for release from incarceration and that "[s]uch a request is in the nature of an application for a writ of *habeas corpus* . . . over which this Court . . . lacks jurisdiction").

While the Board is correct that this Court lacks jurisdiction over *habeas corpus* petitions, we conclude that we have jurisdiction in this case. Our review of Mr. Salsman's Complaint reveals that, even though he asks to be "immediately

---

[5] In ruling on preliminary objections, this Court must consider as true all well-pled material facts in the Complaint and all reasonable inferences that may be drawn therefrom. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* Before we will sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.* In considering a preliminary objection in the nature of a demurrer, we "must confine [our] analysis to the [Complaint]." *Id.* Thus, we may determine only, based on the allegations in his Complaint, whether Mr. Salsman "possesses a cause of action recognized at law." *Fraternal Ord. of Police Lodge No. 5 by McNesby v. City of Phila.*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021).

5

released," the Complaint is not a true *habeas corpus* petition. Mr. Salsman is challenging the Board's denial of parole following the expiration of his RRRI minimum sentence and seeks an order directing the Board to immediately parole him. As our appellate courts have recognized, "*habeas corpus* is not available to challenge an action of the Board [because,] by definition[,] a parolee is subject to a legal sentence imposed by a court of competent jurisdiction . . . *and remains in the legal custody of the Commonwealth until the expiration of that sentence's maximum term.*" *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1063-64 (Pa. Cmwlth. 1987) (citing *Com. ex rel. Biglow v. Ashe*, 35 A.2d 340 (Pa. 1944)) (emphasis added); *see also Com. v. Snyder*, 829 A.2d 783, 785 (Pa. Cmwlth. 2003) ("[*H*]*abeas corpus* is not available to challenge the denial of parole because the inmate is serving a legal sentence and parole is a matter of discretion."). In other words, because the Complaint challenges the Board's denial of parole following the expiration of Mr. Salsman's minimum sentence, it cannot be construed as a *habeas corpus* petition.

We conclude that Mr. Salsman's Complaint in the nature of a mandamus petition against the Board, a Commonwealth agency, is within this Court's original jurisdiction. *See* 42 Pa. C.S. § 761(a)(1)(a); *see also Madden v. Jeffes*, 482 A.2d 1162, 1164 (Pa. Cmwlth. 1984) (stating that our Court's original jurisdiction over civil actions against Commonwealth agencies "applies to mandamus actions"). Therefore, we overrule the Board's Preliminary Objection asserting lack of jurisdiction.

### 2. Demurrer

Next, the Board asserts that Mr. Salsman's Complaint fails to state a legally sufficient claim for mandamus relief based on the Board's denial of parole. We agree.

6

"A proceeding in mandamus is an extraordinary action at common law designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy." *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001). A petitioner may not use an action in mandamus "to compel a purely discretionary act." *Id.* at 290.

"It is well settled that the Board has been granted broad discretion in parole matters by the legislature. The scope of this discretion extends to the . . . denial of parole." *Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 973 (Pa. Cmwlth. 2023) (internal citations omitted). This Court has held that a parole request cannot be granted through a mandamus action because mandamus does not lie to compel a body vested with discretion (in this case, the Board) to exercise that discretion in a particular manner. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 767 (Pa. Cmwlth. 1997); *see Coady*, 770 A.2d at 290 (recognizing that because "parole denials are not adjudications and . . . the granting of parole is *wholly discretionary*, parole denial claims are not normally suited to review by way of mandamus") (emphasis added). Thus, "[t]he *only* relief that [an inmate] can obtain through mandamus" is that the Board follow the proper procedures and apply the proper law in ruling on his application for parole. *Weaver*, 688 A.2d at 767 (emphasis added); *see Burkett v. Frank*, 841 A.2d 646, 649-50 (Pa. Cmwlth. 2004).

Before this Court, Mr. Salsman asserts that the Board's proffered reasons for denying him parole were "false," "incorrect," "bogus," and "not based on one iota of evidence." Salsman Br. at 9, 12, 14-20, 22-24; Compl. at 9 (prayer for relief). Our case law holds, however, that "[m]andamus cannot be used to say that [the Board] considered improper factors, that its findings were wrong, or that the reasons

7

set forth in its decision are a pretense." *Weaver*, 688 A.2d at 777; *see Homa*, 192 A.3d at 332-34 (holding that because "the Board is specifically given discretion to determine whether [an inmate] poses a risk to society and in the factors it considers relevant for doing so," an inmate cannot use a mandamus action "to dispute the weight the Board gave to the factors for parole").

We conclude that the Board followed the law and the proper procedures in ruling on Mr. Salsman's parole request. The Board denied Mr. Salsman parole following an interview with him, a review of his file, and consideration of the factors required by Section 6135(a) of the Parole Code. Compl., Ex. A. The reasons for the Board's decision were its determinations that Mr. Salsman failed to demonstrate motivation for success; he minimized/denied the nature and circumstances of the offenses committed; he lacked remorse for the offenses committed; and the prosecuting attorney made a negative recommendation. *Id.* The Board articulated these reasons in its written decision and, therefore, complied with its statutory duties. *See* 61 Pa. C.S. § 6139(a)(5) ("[W]henever parole is refused by the [B]oard, a brief statement of the reasons for the [B]oard's action shall be filed of record in the offices of the [B]oard and shall be at all reasonable times open to public inspection."); *see also Homa*, 192 A.3d at 334 (concluding that the Board complied with its statutory duty by providing a brief statement of the reasons for its decision in its parole denial letters to the inmate).

Mr. Salsman also argues that "[t]he [Board's] failure to hold a hearing . . . [was] a denial of due process under the Fourteenth Amendment [to] the United States Constitution," apparently asserting a procedural due process claim. Salsman Br. at 12. However, "constitutional issues arise in the context of a denial of parole only if the applicable parole statute provides a prisoner with the expectation of release."

*Weaver*, 688 A.2d at 773. The Parole Code creates no such expectation. It is well settled that "[a] prisoner has *no absolute right* to be released from prison on parole upon the expiration of [his] minimum term. A prisoner has *only* a right to apply for parole at the expiration of his . . . minimum term and to have that application considered by the Board." *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 321 n.2 (Pa. 1999) (internal citations omitted) (emphasis added). Regarding an RRRI sentence in particular, the Parole Code explicitly states: "*Nothing in this section shall be interpreted as granting a right to be paroled to any person*, and any decision by the [B]oard . . . under this section[] shall not be considered an adjudication." 61 Pa. C.S. § 4506(d) (emphasis added). Likewise, "[o]ur precedent . . . holds that a prisoner who has served the RRRI minimum sentence **may be** granted parole but **is not entitled** to parole." *Homa*, 192 A.3d at 333 (emphasis in original); *see also Com. v. Hansley*, 47 A.3d 1180, 1188 (Pa. 2012) ("[A]lthough the [trial] court imposes an RRRI . . . minimum sentence, the offender is *not guaranteed a right to be granted parole upon the expiration of that term*.") (emphasis added).

Furthermore, contrary to Mr. Salsman's contention, he was not entitled to a hearing prior to the Board's denial of parole. Under the Parole Code, it is within the Board's sole discretion whether to hold a hearing on an application for parole. *See* 61 Pa. C.S. § 6139(a)(4) ("Hearings of applications [for parole] *may* be held by the [B]oard *whenever in its judgment hearings are necessary*.") (emphasis added).[6]

---

[6] In this regard, it is important to note the distinction between the *denial* of parole, at issue here, and the *revocation* of parole, which triggers entirely different constitutional protections. Our Supreme Court has explained this distinction as follows:

> As the United States Supreme Court noted in *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9[] . . . (1979), parole release and parole revocation are quite different in that parole revocation involves a paroled prisoner who presently enjoys a certain limited liberty to pursue employment and

**(Footnote continued on next page…)**

9

In his brief, Mr. Salsman also attempts to assert a substantive due process claim. *See* Salsman Br. at 20-21. "However, the only substantive due process rights afforded to a prisoner denied parole lie in making sure the Board followed the minimum duties required by the law." *Homa*, 192 A.3d at 334. As stated earlier, we conclude that the Board complied with its duties by basing its decision on the proper statutory factors and by providing Mr. Salsman the reasons for its parole denial.

Therefore, we conclude that Mr. Salsman's Complaint fails to state a legally sufficient claim for mandamus relief. *See Homa* 192 A.3d at 334 (holding that the inmate had no clear legal right to be paroled after his RRRI minimum sentence expired and dismissing his mandamus petition).

## Conclusion

Accordingly, we overrule the Board's Preliminary Objection asserting lack of jurisdiction, sustain the Board's Preliminary Objection in the nature of a demurrer, and dismiss Mr. Salsman's Complaint.

ELLEN CEISLER, Judge

---

familial relationships outside the confines of prison, *while parole release involves a prisoner who has no present liberty interest as a result of his confinement within a prison*. Furthermore, as this Court stated in *Commonwealth ex rel. Sparks v. Russell*, . . . 169 A.2d 884 ([Pa.] 1961), *parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the . . . Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence.* Thus, under both this Court's precedent and the precedent of the United States Supreme Court, *the . . . Board's decision to grant or deny parole does not affect an existing enjoyment of liberty.*

*Rogers*, 724 A.2d at 322-23 (emphasis added); *see id.* at 323 (declining to "extend[] the panoply of constitutional protections that apply to parole revocations to parole denials," including the rights to an evidentiary hearing and the assistance of counsel); *see also Homa*, 192 A.3d at 334 ("Under Pennsylvania law, a prisoner has no liberty interest in parole.").

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chad Michael Salsman,      :
            Petitioner    :
                           :
     v.                 : No. 369 M.D. 2023
                           :
Commonwealth of Pennsylvania,  :
Pennsylvania Parole Board,     :
           Respondent   : 

# **O R D E R**

AND NOW, this 26th day of August, 2024, the Pennsylvania Parole Board's (Board) Preliminary Objection asserting lack of jurisdiction is hereby OVERRULED, the Board's Preliminary Objection in the Nature of a Demurrer is hereby SUSTAINED, and the Complaint in Equity Seeking Mandamus Relief filed by Chad Michael Salsman is hereby DISMISSED.

                                      _____

                                      ELLEN CEISLER, Judge